### DORA ANDERSON V. THE STATE.

No. 10349.    Delivered January 5, 1927.

Rehearing denied March 16, 1927.

1.—Aggravated Assault — Statement of Facts — Not Approved by Trial Judge.

Where a statement of facts does not appear to have been approved by the trial judge, it cannot be considered by this court. There are no questions raised in the case before us which can be considered in the absence of a statement of facts. .

ON REHEARING.

2.—Same—Record Corrected—Statement of Facts Considered.

On a former day of this term this cause was affirmed on account of the statement of facts not having been approved by the court. The record having been satisfactorily corrected, on rehearing the case will be considered in the light of all the record.

3.—Same—Charge of Court—Submitting Assault to Murder—Harmless, if Error.

Where, on a trial for an assault to murder, appellant complains of the court's charge on murder, and assault to murder, the conviction being only for an aggravated assault, any error in the charge submitting the higher grade of the offense would be immaterial.

4.—Same—Charge of Court—Error Not Disclosed.

Where appellant complains of oral instructions given to the jury, and there is nothing in the record discussing or indicating that the court gave to the jury any oral instructions, the criticisms are not sustained.

5.—Same—Charge of Court—No Error Shown.

Appellant's objections to the court's main charge are not tenable, for the reason that if there was error in the paragraphs pointed out in appel-

lant's objections Nos. 4, 5 and 6, the errors were all favorable to appellant, and he will not be heard to complain, nor does an inspection of paragraph 13 of the court's main charge disclose that the jury were told that uncommunicated threats are not admissible for any purpose.

### 6.—Same—Charge of Court—On Threats—Held Proper.

The court's main charge which instructed the jury that if it appeared to appellant that Anna Richardson, acting either alone or jointly with her husband, Fritz Richardson, was doing some act that manifested an intent to carry such threats into execution, her right of self-defense would be complete, was a correct presentation of the law.

### 7.—Same—Charge of Court—Held Proper.

Where appellant complained that the court's charge denied appellant the right to have uncommunicated threats considered by the jury, and the charge does instruct the jury that uncommunicated threats may be considered for the purpose of determining who was the aggressor in the difficulty, this objection to the charge is without merit. See Branch's P. C., Sec. 2079, p. 1170, and cases there cited.

### 8.—Same—Requested Charge—Properly Refused.

Appellant's requested charge in which she sought to present the issue of her right to defend against apparent danger, was properly refused, because it did not correctly present this proposition of law.

Appeal from the District Court of Potter County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction of an aggravated assault, penalty a fine of $25.00 and one year in jail.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was charged in the District Court of Potter County with the offense of assault to murder; she was tried and convicted of an aggravated assault and her punishment assessed at a fine of $25.00 and confinement for one year in jail.

There is with the record what purports to be a statement of facts, but it is not approved by the trial judge. It has no approval whatever upon it. Of course, this court cannot consider it for any purpose, and there are no questions raised which can be considered in the absence of a statement of facts.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion by the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

BETHEA, JUDGE.—On January 5, 1927, this case was affirmed for the reason that the statement of facts had not been approved by the trial judge. The record having been satisfactorily corrected, the case will now be considered in the light of all the record.

There are six bills of exception in the record, which we will consider in their order.

Bill of exception No. 1 is a repetition of the appellant's objections and exceptions to the court's charge. Appellant's first objection and exception to the main charge complains because the court defined murder and submitted assault with intent to murder to the jury. The appellant was convicted of aggravated assault and hence is not in a position to complain.

Appellant's exceptions and objections to the court's main charge, Nos. 2 and 3, present no error for the reason that there is nothing in the record discussing or indicating that the court gave to the jury any oral instructions.

Objections to the court's main charge Nos. 4, 5 and 6 are not tenable for the reason that if the court committed any error in this respect it was in favor of appellant, and also for the reason that an inspection of paragraph 13 of the court's main charge discloses that the court did not tell the jury that uncommunicated threats are not admissible for any purpose. A further inspection of paragraph 14 of the court's main charge discloses that the court instructed the jury fully that if it appeared to appellant that Anna Richardson, acting either alone or jointly with her husband, Fritz Richardson, was doing some act that manifested an intention to carry such threats into execution, her right of self-defense would be complete.

Exceptions and objections 8 and 9 complain of the main charge of the court because it does not give an affirmative charge on the law of self-defense and because it charges that it is incumbent upon appellant to reasonably expect immediate death or serious bodily injury before he has the right to act in self-defense. Paragraph 12 of the court's main charge fully, ably, and affirmatively charged on the law of self-defense and is not subject to the criticism made.

Objection and exception 10 complains of paragraph 14 of the

court's main charge, contending that it denies the appellant the right to have uncommunicated threats considered by the jury. An inspection of the charge discloses that said paragraph 14 does instruct the jury that uncommunicated threats may be considered by them for the purpose of determining who was the aggressor in the difficulty. As we view it, this is the only purpose for which said testimony could have been considered by the jury under the law. Branch's Penal Code, Sec. 2079, p. 1170; McMillan v. State, 143 S. W. 1174; Baxter v. State, 175 S. W. 1069; Kirklin v. State, 164 S. W. 1016.

Bills of exception Nos. 2 and 3 complain of the refusal of the court to give special charges which are given in substance and almost literally in the court's main charge.

Bill of exception No. 4 complains of the refusal of the court to instruct the jury by special charge that if the appellant had reason to believe that Anna Richardson would attack her she had a right to prepare herself for such attack and go about her business, and if she did meet Anna Richardson and reasonably apprehended that the latter was about to attack her or that deceased or her husband, Fritz Richardson, was about to assault her with a deadly weapon, she had a right to stand her ground and would be justified in so doing. The learned trial judge committed no error in refusing to give said special charge for the reason that the same is not a correct proposition of law.

The record presenting no error, the motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.