Armando SEGURA, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–83–00216–CR.

Court of Appeals of Texas,
El Paso.

Nov. 30, 1983.

Ernest G. Mireles, Eagle Pass, for appellant.

Amando Abascal, III, Eagle Pass, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and SCHULTE, JJ.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is an appeal from a conviction for aggravated assault. The jury assessed punishment at two years imprisonment and a fine of $2,500.00. We reverse and remand.

In Ground of Error No. One, Appellant alleges error in the court's charge with regard to defense of another. By timely objection, Appellant contended that the charge as given improperly limited the scope of the defense to protection of his mother.

The events leading to this prosecution occurred on the evening of December 25, 1980, at Eagle Pass. All participants were related either by blood or marriage. An initial argument and fight took place at Appellant's residence between Martin Luevanos and Oscar Garcia. Alberto Segura, Appellant's brother, intervened. Police were summoned and Luevanos was arrested for public intoxication. He called his brother from the jail. Armando Luevanos, Jorge Luevanos, the two Lopez brothers and Ricardo and Roberto Zertuche, secured Martin's release from jail. He asked to be taken back to Appellant's home to retrieve his car keys. He was related to Appellant by marriage and had been living at the Appellant's home. The State and defense versions of what transpired diverge from the point of arrival at Appellant's home. The State's testimony, from Jorge Luevanos and the Zertuche brothers, indicated that Martin entered the Appellant's yard and was immediately assaulted by approximately six of the male residents. Members of Martin's party went one-by-one to his aid and were eventually all embroiled in a fight with some fifteen members of Appellant's group. Witnesses from Martin's faction denied that any of their group were armed. Jorge Luevanos was stabbed in the hip and back; Ricardo Zertuche was stabbed in the hand. Roberto Zertuche, the complainant, was apparently the last of Martin's faction

to become involved. His activity was described in various fashions by even the State's witnesses. Jorge Luevanos testified that he was a combatant. Ricardo Zertuche stated that he was uninvolved. Roberto himself testified that he only intervened to stop the fight, that he was unarmed and that he struck no one. He was stabbed three times in the abdomen by the Appellant as the police arrived.

The defense witnesses testified that as soon as Martin's party arrived, the entire group rushed the house. Martin was looking for Alberto Segura to avenge the latter's intervention in the earlier fight. Appellant's mother tried to stop them at the door. She was struck on the head with a tire iron and fell unconscious inside. Alberto Segura and the Appellant were dragged from the house. Defense witnesses observed the tire tool, two knives, a pipe, and a pistol in the hands of various members of Martin Luevanos' group. Appellant extricated himself, ran into the kitchen and secured a kitchen knife. He returned to the fray to protect his family members from the deadly weapons observed earlier. Appellant admitted stabbing three people. Jorge Luevanos was visibly threatening him with a knife. The second individual held a pipe. The third struck him from the rear and he stabbed with his knife before seeing any weapon.

■ The court properly charged on the law of self-defense and defense of another. *McCuin v. State,* 505 S.W.2d 831 (Tex.Cr. App.1974). Appellant is correct, however, in challenging the limited scope of the latter instruction. It was only for defense of his mother. If the court were to limit the instruction, the evidence would have justified a focus on the protection of Appellant's brother Alberto rather than upon his mother. The mother had already been knocked unconscious and was left lying inside the house. Alberto had been dragged from the house and was allegedly the one exposed to the attacking party's deadly weapons. No further fighting took place inside. Arguably, a right to reasonably pursue an assailant until the danger had passed would justi-

fy including the mother within the "defense of another" charge, but the application of the defensive law to the facts should definitely have included the issue of a reasonable deadly force defense of the brother Alberto. In fact, the State placed in evidence Appellant's "Voluntary Statement" in which he said: "[w]hen I saw that they were still beating up on Alberto, I went at them with the knife." Ground of Error No. One is sustained.

■ Ground of Error No. Two complains of the court's refusal to instruct the jury on deadly force defense of property. The evidence did not raise the issue of such a defense under Tex.Penal Code Ann. sec. 9.42(2)(A) (Vernon 1974). Ground of Error No. Two is overruled.

■ Ground of Error No. Three complains of the State's failure to disclose favorable evidence. The defense witnesses testified that a pistol was exhibited by a member of the complainant's group. Four days after the incident, a relative of the Appellant allegedly found a pistol beside the road, near the place where the complainant's party parked. It was turned over to the Eagle Pass Police Department. Detective Blanco testified that the police department did not attempt to trace the ownership of this weapon, having been advised that the district attorney's office would do so. Appellant failed to demonstrate whether the weapon trace was or was not performed, or that any exculpatory result was in the hands of the State. Indeed, the pistol referred to was never properly presented for admission into evidence. No error is shown. *Turpin v. State,* 606 S.W.2d 907 (Tex.Cr.App.1980); *Brem v. State,* 571 S.W.2d 314 (Tex.Cr.App.1978). Ground of Error No. Three is overruled.

■ In Ground of Error No. Four, Appellant complains of the exclusion of three items of evidence. The court properly excluded the pistol offered by the defense. Contrary to the Appellant's brief, the pistol was found, not by the police, but by a friend or relative of the Appellant, some four days after the incident. It was turned

over to a police patrolman who in turn delivered it to Detective Blanco. Neither the purported finder of the pistol nor the first police recipient testified at trial. Nor was the exhibit shown to any of the witnesses present at the time of the fight to identify it as the pistol seen or as a demonstrative sample.

■ Appellant alleges error in excluding testimony that one or more members of the Luevanos group called for the purported pistol during the fight. Such testimony should have been admitted. Nonetheless, we find no reversible error. The defense witnesses testified that several of the Luevanos group yelled to another by the car and a pistol was produced. While the excluded testimony was more explicit, that actually presented to the jury sufficiently conveyed the defensive scenario.

■ No reversible error is shown in the exclusion of testimony by Alberto Segura to the effect that when Martin Luevanos was taken away by police after the first fight he indicated that he would return with his brothers. Counsel suggested to the court that the testimony would demonstrate an express threat to return for revenge. Such an expression would have been admissible as evidencing the declarant's state of mind and intent to initiate a later violent confrontation. As probative evidence on the issue of who initiated the assault, the failure of the Appellant to have heard the earlier threat would pose no bar to its introduction. *Beecham v. State,* 580 S.W.2d 588 (Tex.Cr.App.1979); *Anderson v. State,* 106 Tex.Cr.R. 338, 294 S.W. 584 (1927). Here, however, the evidence offered by bill of exception did not live up to counsel's description of the threatening content of Martin's departing remarks. No error is shown. Ground of Error No. Four is overruled.

The judgment is hereby reversed and the cause remanded for new trial.