**James Daniel MINOR, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44615.**

Court of Criminal Appeals of Texas.

March 1, 1972.

---

Malcolm Dade, Dallas (Court appointed on appeal), for appellant.

Henry Wade, Dist. Atty., James B. Scott, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal results from a conviction for assault with intent to murder wherein the punishment was assessed at 25 years.

This is a companion case to Johnny Minor v. State, 469 S.W.2d 579 (Tex.Cr.App. 1971), and the facts developed are substantially the same as those set forth in that opinion. They need not be repeated here. The sufficiency of the evidence is not challenged. Suffice it to say that after Dallas Police Officer Leonard Edge arrested Richard Minor, his brothers Johnny Minor and this appellant assaulted Officer Edge attempting to take his pistol from him, pointing the same in his face under the circumstances described in the earlier opinion.

Initially, appellant complains that the "trial court improperly excluded evidence that Officer Edge was biased and prejudiced against the appellant and others accused of crimes."

This complaint was based upon the fact that .on a previous occasion Officer Edge had, while in the course of an arrest, shot another person of the same race as that of the appellant, had other altercations with other prisoners, and further had obtained matchbook covers or boxes with his name and "Pig and Proud" printed thereon which were purchased for 50 cents.

It is well established that an accused is entitled to show animus and prejudice on the part of a State's witness toward him, and its extent, and usually great latitude is permitted when the purpose is to affect the credibility of the witness. See 1 Branch's Ann.P.C., 2d ed., Sec. 185, p. 193.

As in Minor v. State, supra, however, the relevance of such testimony was not here shown. The record does not reflect that the witness knew the appellant prior to the difficulty in question or that he had any prejudice against appellant's race.

Edge testified that as a police officer he had primarily been assigned to south Dallas. Any police officer of experience will have had altercations with someone. He testified his previous experiences did not affect his attitude in the instant case. There was no showing that the proffered evidence had any connection with the appellant or the offense on trial. Cf. Rodriguez v. State, 399 S.W.2d 818 (Tex.Cr. App.1966); Hall v. State, 402 S.W.2d 752 (Tex.Cr.App.1966).

We cannot conclude the court erred in excluding the evidence from the jury.

Next appellant complains that the court erred "in failing to charge upon impeachment of a witness."

We are merely referred to certain pages in the record where are found two very similarly worded special requested charges, the first being identical to the wording of the limiting charge set forth in 1 Branch's Ann.P.C., 2d ed. Sec. 202.3 (Form of charge: impeachment by contradictory statement), p. 225. Nothing in the special requested charges or in the record shows that appellant informed the trial court what witness or witnesses he had reference to or indicated what testimony was involved.

In his appellate brief appellant simply states "Officer Edge made several prior contradictory statements as to the location of the struggle, who shot the appellant's brother and the photographs which were introduced into evidence draw into serious question the accuracy of the extent of his injuries and the position of the complainant during the struggle." We are not told where such "contradictory statements" may be found in the record and are left to speculate as to which testimony he has reference. It does not appear that there has been a compliance with Article 40.09, Sec. 9, Vernon's Ann.C.C.P., and thus nothing is presented for review.

Nevertheless, we have studied Edge's testimony and do not find the contradictory statements mentioned. And no photographs appear in the record. There was an attempt to impeach him on cross-examination by use of testimony given at a previous trial and a letter he had written to the chief of police. However, no conflict in his testimony was established.

Further, the court charged the jurors they were the judges of the credibility of the witnesses.

■ Still further, "[i]f the impeaching testimony could only be used by the jury to impeach the witness it is not necessary to charge on the subject at all." 1 Branch's Ann.P.C., 2d ed., Sec. 202, p. 222.

We perceive no error. See Article 36.19, V.A.C.C.P.

■ Appellant also contends the court erred in charging only abstractly on the law of principals without applying the law to the facts despite his timely presented objection.

The complaint is not supported by the record.

The court instructed the jury to convict if they found him guilty beyond a reasonable doubt of the offense charged either "acting alone or together with Johnny Benjamin Minor, as a principal."

The court did not err in overruling appellant's objection to the charge.

■ Lastly, appellant contends the prosecutor committed reversible error when he argued appellant was an "habitual cop killer."

At the penalty stage of the trial after appellant had been found guilty of the instant offense it was shown he had been previously convicted of aggravated assault upon a police officer. The prosecutor then stated in his jury argument, "I will submit to you if you will pardon the terminology, he is an habitual *potential* cop killer." (emphasis supplied)

The objection was overruled and the request for a jury instruction and motion for mistrial was denied.

The prosecutor then explained his remarks were based upon the evidence in the record as to appellant's convictions.

Under the circumstances presented, we conclude the argument was a reasonable deduction from the evidence and no reversible error is presented.

The judgment is affirmed.