**Douglas Arthur McCUIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48077.**

Court of Criminal Appeals of Texas.

March 6, 1974.

---

828

Joe Shannon, Fort Worth, for appellant.

Tim Curry, Dist. Atty., William W. Chambers, Charles E. Webb and Howard M. Fender, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

QUENTIN KEITH, Commissioner.

The conviction is for murder with malice; punishment was assessed at 25 years' confinement. Appellant's brother, Willie Earl McCuin, was charged with the same offense, and the two were tried jointly. The companion case, also decided this day, may be found at 505 S.W.2d 831 (delivered March 6, 1974).

According to the State's evidence, the deceased, Robert Lacey was in a public park in Fort Worth on a Sunday afternoon where he had been horseback riding. Appellant and his brother, Willie Earl, came to the park in separate cars; each jumped out and ran toward where Robert Lacey was in the park, appellant carrying a knife while his brother had a rifle in his hand. An argument ensued between deceased on the one side and appellant and his brother on the other, during which time the deceased grappled with Willie Earl McCuin for possession of the rifle. Willie Earl, regaining possession of the rifle, shot the deceased. Appellant then began stabbing deceased with his knife while deceased was upon the ground.

The medical examiner testified unequivocally that death was caused by gunshot wounds and that the knife slashings were merely superficial and did not cause or hasten the death of Lacey.

Appellant testified that he stabbed the deceased after he had been shot by his

brother. His testimony also raised several other defenses not necessary to be discussed in view of our disposition of this case. Willie Earl McCuin also testified that he shot the deceased and that while appellant cut deceased with a knife, only he, Willie Earl McCuin, shot the deceased.

The court charged on the law of principals, the language being taken from 8 Texas Practice, Willson's Texas Criminal Forms Annotated (7th ed. 1966, W. Morrison and T. Blackwell) Sec. 3590, p. 588. However, the charge was simply an abstract statement of a legal proposition and did not make any application of the law of principals to the facts of the case. Appellant made timely, specific, and proper objections to this omission and tendered a requested charge on the subject. Both the objections and the request were overruled, and this action of the trial court forms the basis of ground one.

█ The trial court erred in overruling the objection to the charge which pointed out the fatal defect in the charge on the law of principals. Under the State's theory of the case, there was evidence from which the jury could have found, under a proper charge, that appellant was guilty as a principal; but that is not the record which we review. The appellant has been found guilty of killing deceased by shooting him with a gun while the testimony shows without contradiction that deceased was shot by Willie Earl McCuin, not the appellant. In Oliver v. State, 160 Tex.Cr. R. 222, 268 S.W.2d 467, 470 (1954), a similar fact situation was presented, the Court saying:

"The court's charge contained an abstract definition on the law of principals, but in no manner applied the same to the facts.

"The jury was authorized by the charge to convict appellant upon a finding that he committed the murder, but the evidence is not such as would sustain such a finding.

"The jury was not instructed to the effect that if Moody Puckett voluntarily killed the deceased and appellant acted with him as a principal, in one or more of the ways stated in the definition of that term, he should be convicted.

"The trial court should have made application of the law of principals to the facts, the jury, under the facts here, not being warranted in convicting him unless they found that knowing of Puckett's unlawful intent, he agreed to or aided or encouraged him in the commission of the offense.

"And in connection with such submission it was incumbent upon the court to charge the converse."

Each of the remarks made by Judge Woodley in Oliver is applicable to the case at bar.

Judge Morrison, co-author of the interpretative comment on the law of principals which appears in 1 Vernon's Annotated Penal Code, p. XVIII (1952), said: "In instructing on principals, a mere abstract charge is not sufficient. The charge should apply the law to the facts." (footnote omitted)

An examination of the authorities reveals a line of cases wherein this Court has held that the giving of a charge on principals without an application of the law to the facts does not constitute reversible error. Durham v. State, 112 Tex.Cr.R. 395, 16 S.W.2d 1092, 1093 (1929), is an example which has been followed many times. See, e. g., Hannon v. State, 475 S. W.2d 800, 802 (Tex.Cr.App.1972).

In Durham, the Court pointedly noted: "When the evidence shows that the accused on trial was a principal actor in the commission of the offense, no charge on principals would be necessary, although the proof may also disclose that in doing the criminal act another took an equal part." (16 S.W.2d at 1095) Since the evidence in Durham did not raise the issue, the Court's charge was held not to be reversible error.

Appellant's excellent brief distinguishes those cases relied upon in Oliver, supra,[1] as well as those relied upon in and following Durham, supra.[2]

We note that in Durham, and in its progeny, the conduct of the defendant then on trial was, in and of itself, sufficient to convict the accused of the offense charged. On the other hand, in Oliver and its line of cases such fact situations did not exist. As appellant puts the distinction:

"In Oliver the defendant did not shoot. In Crisp the defendant did not stab. In Barnes the defendant did not 'take' the property. In Lopez the defendant also did not shoot. The law of principals was absolutely essential to those cases."

We are of the opinion that each line of cases (Oliver and Durham) has continuing vitality and each was correctly decided under the fact structure of the particular case. However, there is need for clarification of the rule so as to eliminate the potential for confusion in the application of each line of cases. We are of the opinion that such can be accomplished by following the tests set out immediately below.

■ Where the evidence introduced upon the trial of the cause shows the active participation in the offense by two or more persons, the trial court should first remove from consideration the acts and conduct of the non-defendant actor. Then, if the evidence of the conduct of the defendant then on trial would be sufficient, in and of itself, to sustain the conviction, no submission of the law of principals is required. The Durham rule governs in this situation.

■ On the other hand, if the evidence introduced upon the trial of the cause shows, or raises an issue, that the conduct of the defendant then upon trial is not sufficient, in and of itself, to sustain a conviction, the State's case rests upon the law of principals and is dependent, at least in part, upon the conduct of another. In such a case, the law of principals must be submitted and made applicable to the facts of the case. Thus, the Oliver rule will govern this fact structure.

We do not deem it necessary to comment upon any of the other grounds of error brought forward save number three wherein defendant objected to the Court's charge because of the failure to charge upon the law of self-defense against an attack from multiple assailants.

This identical point has been raised and discussed in the companion case of McCuin v. State, Tex.Cr.App., 505 S.W.2d 831 (this day decided), and we refer to such decision for the statement of the complaint as well as the ruling thereon.

For the errors herein noted, the judgment of the trial court is reversed and the cause is remanded.

Opinion approved by the Court.

DOUGLAS, Judge (concurring).

I concur in the result reached but do not agree that the tests or guidelines for charges in future cases should be included in the opinion. We cannot foresee all possible fact situations before they occur. Courts have enough trouble trying to have continuity with holdings, let alone trying to fit decisions with dictum or language not necessary to an opinion.

1. Supporting the rule enunciated in Oliver are: Crisp v. State, 125 Tex.Cr.R. 603, 69 S.W.2d 772 (1934); Barnes v. State, 145 Tex.Cr.R. 131, 166 S.W.2d 708 (1942).

2. Supporting the rule enunciated in Durham are: Lowe v. State, 377 S.W.2d 193 (Tex. Cr.App.1964); Hannon v. State, supra, 475 S.W.2d 800 (Tex.Cr.App.1972); Minor v. State, 476 S.W.2d 694 (Tex.Cr.App.1972). See also, Lopez v. State, 170 Tex.Cr.R. 208, 339 S.W.2d 906 (1960).