Willie Earl McCUIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 48078.

Court of Criminal Appeals of Texas.

March 6, 1974.

Joe Shannon, Fort Worth, for appellant.

Tim Curry, Dist. Atty., William W. Chambers, Charles E. Webb, Howard M. Fender, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

QUENTIN KEITH, Commissioner.

This is a companion case to McCuin v. State, Tex.Cr.App., 505 S.W.2d 827 (this day decided), to which we refer for more details. Appellant was indicted for the murder of Robert Lacey the charge being that he shot him with a gun. He was tried jointly with his brother Douglas and the jury found both guilty and assessed the punishment of each at 25 years' imprisonment. The sufficiency of the evidence is not challenged.

Appellant testified that he shot Robert Lacey with a rifle while they were engaged in a brawl, some of the details having been set out in the companion case. Additionally, appellant testified that he was engaged in defending himself against an attack by several brothers of the deceased. The court charged on the law of self-defense but confined the defense to an attack by the deceased, not by multiple assailants. Appellant objected to this omission in the charge by specific and timely filed complaints, and the refusal to charge the jury on this theory of the case is made the basis of ground two in his brief.

The State's principal witness was Cindy McNeill, and it was the State's theory that there was but one Lacey involved in an altercation with appellant and his brother; that appellant shot deceased after which Douglas stabbed him. Appellant's theory, supported by his own as well as testimony of other members of his family, was different. He contended that as he came into the park he was surrounded by four Lacey brothers (Robert, Richard, Willie, and O. V.); that Richard had a gun and a knife; that Willie attacked Douglas and Robert went to his car for a shotgun; that Richard attacked Oscar from behind, and during this struggle Oscar was shot in the neck. Robert's gun went off and Willie Edward McCuin fell; Willie Earl McCuin (appellant) then shot Robert Lacey who along with O. V. Lacey and Douglas McCuin all went for the shotgun.

From our study of the tangled record, it appears that at one time there were three fights between the Laceys and the McCuins, but they seem to have merged into the single melee in which Robert Lacey

was killed. At one time or another, several Laceys were fighting with appellant and one or more other McCuins. When the battle ended, one Lacey and one McCuin were dead while another Lacey and another McCuin were severely injured.

Under our view of the record, we are of the opinion that the trial court fell into error in failing to charge on the right of self-defense against multiple assailants. In 4 Branch's Annotated Penal Code (2d ed. 1956, Stout) Sec. 2113, p. 441, the author announced the rule in these words: "If there is evidence that more than one assailed defendant, the charge of the court is too restrictive if it cnfines the right of self-defense to the acts of deceased."

One of the cases cited in the text, Wilson v. State, 140 Tex.Cr.R. 424, 145 S.W. 2d 890, 893 (1940), is sufficient to illustrate the rule:

"When there is evidence, viewed from the accused's standpoint, that he was in danger of an unlawful attack or a threatened attack at the hands of more than one assailant, the court should instruct the jury that he had a right to defend himself against either or both of them. In support of the views herein expressed we refer to the following cases: Petty v. State, 126 Tex.Cr.R. 185, 70 S.W.2d 718; Smart v. State, Tex.Cr. App., 146 S.W.2d 397, opinion delivered Dec. 4, 1940."

See also, 29 Tex.Jur.2d, Homicide, Sec. 317, p. 605 (1961) and cases therein cited.

Because the Court's charge on the law of self-defense unduly limited the jury in passing upon appellant's right of self-defense, the judgment of the trial court is reversed and the cause is remanded. This disposition makes it unnecessary for us to pass upon the other grounds of error brought forward by the appellant.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.