**Peter VENEGAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 04–81–00219–CR, 04–81–00220–CR.**

Court of Appeals of Texas,
San Antonio.

May 18, 1983.
Rehearing Denied Oct. 19, 1983.

Charles Butts, Butts & Butts, San Antonio, for appellant.

Bill White, Dist. Atty., Steven Hilbig, Joseph Casseb, Jerry Rosson, Asst. Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and REEVES and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

These are appeals from convictions for attempted capital murder. By agreement the two cases were consolidated for trial. The jury found appellant guilty in both causes, and the trial court assessed punishment at twenty-five (25) years' confinement in the Texas Department of Corrections.

The record indicates that at approximately 11:00 a.m. on February 26, 1980, police officers armed with a search warrant arrived at appellant's apartment. The officers testified that they knocked and called out "Police with a search warrant," but hearing no response, they broke down the front door. Appellant testified he was asleep and woke up and saw someone wearing blue jeans and a blue jacket, gun in hand, inside the apartment. There was an exchange of gunfire which resulted in police officer Emilio Cavazos being shot in the right elbow. Appellant, believing he was being robbed, called the police emergency telephone number and asked for assistance. Appellant was told at that time that the people in his apartment were police officers, and he then stopped shooting.

By his first ground of error appellant contends the trial court erroneously denied his requested jury instruction applying the law of mistake of fact to the facts of the case. Appellant requested an affirmative submission of the law of mistake of fact as follows:

Defendant requests charge that affirmatively applies his mistaken belief that he was being robbed and/or unlawfully assaulted and that his life was in danger in

his own home at the hands of the intruders.

Article 36.14, TEX.CODE CRIM.PROC. ANN. (Vernon Supp.1982–1983) requires that "the judge shall, before the argument begins, deliver to the jury ... a written charge distinctly setting forth the law applicable to the case...." In the instant case, the trial court charged the jury:

> Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant committed the acts alleged, but you further believe, or you have a reasonable doubt thereof, that, at the time of the alleged acts, he had through mistake formed a reasonable belief about a matter of fact, to-wit: that the defendant then and there did not know at the very time of the shooting, if any, that Emilio Cavazos was a peace officer, and that said mistaken belief negated the culpability required for the commission of the offense, as stated in Paragraph 3 of this charge, you will find the defendant not guilty of attempted capital murder.

An identical charge was submitted regarding Officer Mike Bratton, who was also shot at by appellant during the incident in question.

The evidence is undisputed that (1) the police officers were not in police uniform, but were wearing casual clothing; (2) they broke down the front door to appellant's apartment and went in with guns in hand; (3) there was an exchange of gunfire; and (4) appellant called the police emergency telephone number asking for assistance and was told by the operator that the men in his apartment were police officers, whereupon he stopped shooting.

It appears that the trial court properly charged the jury on mistake of fact as applied to capital murder. TEX.PENAL CODE ANN. § 19.03 (Vernon 1974) provides:

> (a) A person commits an offense if he commits murder as defined under Section 19.02(a)(1) of this code and:
>
> (1) the person murders a peace officer or fireman who is acting in the lawful discharge of an official duty and *who*

*the person knows is a peace officer* or fireman. [Emphasis ours.]

Appellant is charged, however, with an attempt to commit murder, and the mistake of fact testified to by appellant was that he thought he was being robbed or assaulted. We are guided by *Williams v. State,* 547 S.W.2d 18, 20 (Tex.Cr.App.1977), where the Court of Criminal Appeals stated: "[A] charge should affirmatively lead and dispel confusion, and because a charge that does not apply the law to the facts fails to give such guidance, error of this character should remain the subject of a per se rule."

Appellant alleges that the failure of the trial court to grant his requested charge on mistake of fact prevented the jury from finding affirmatively on a defensive issue raised by the evidence. We agree, and conclude that the trial court failed to apply the law to the facts in the court's charge on "mistake of fact." *See Lynch v. State,* 643 S.W.2d 737 (Tex.Cr.App.1983); *Beggs v. State,* 597 S.W.2d 375 (Tex.Cr.App.1980). Appellant's testimony that he mistakenly believed he was being robbed was sufficient to entitle him to submission of his requested charge. Appellant's ground of error number one is therefore sustained.

■ Ground of error number two complains of the trial court's failure to charge the jury on the issue of defense of property. The record reflects that appellant made timely and proper objections to the court's charge and submitted a specially requested charge on this issue.

Appellant's testimony raised the issue of defense of property. TEX.PENAL CODE ANN. § 9.42 (Vernon 1974) provides in pertinent part:

> A person is justified in using deadly force against another to protect land or tangible, movable property:
>
> (1) if he would be justified in using force against the other under Section 9.41 of this code; and
>
> (2) when and to the degree he reasonably believes the deadly force is immediately necessary:

(A) to prevent the other's imminent commission of ... burglary, robbery, aggravated robbery; ... [and]

(3) he reasonably believes that:

(A) the land or property cannot be protected or recovered by any other means; or

(B) the use of force other than deadly force to protect or recover the land or property would expose the actor ... to a substantial risk of death or serious bodily injury.

TEX.PENAL CODE ANN. § 9.41 (Vernon 1974) provides in pertinent part:

(a) A person in lawful possession of land or tangible, movable property is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to prevent or terminate the other's trespass on the land or unlawful interference with the property.

The relevant and undisputed evidence shows that the peace officers who broke down the door, which was the only entrance and exit to appellant's apartment, were not in uniform, and further that appellant kept a large sum of cash in his apartment. The Court of Criminal Appeals, in *Sledge v. State,* 507 S.W.2d 726 (Tex.Cr.App.1974), addressed a question on defense of property, stating:

As with self defense, it is required that the person defending his habitation act upon a reasonable fear. This reasonableness is, of course, determined by the facts as they appeared to the defendant at the time.

\* \* \* \* \* \*

If the evidence has any tendency to raise the issue of defense of the person as well as defense of property, the court must give a separate charge on each theory. [Citations omitted.]

*Id.* at 729.

We agree that the question of whether appellant had a reasonable ground for believing not only that his life was immediately in danger in his own dwelling, but also that he was about to be robbed, was a matter for a jury determination based upon appropriate instruction on defense of property as well as self-defense. Ground of error number two is sustained.

■ Ground of error number three complains of trial court error in denying a requested charge on appellant's right to have a gun on his own premises. It appears from the record that appellant's right to have a gun on his premises was never an issue in this case, nor was appellant charged with unlawful possession of a weapon. The State's reliance on *Sheppard v. State,* 545 S.W.2d 816 (Tex.Cr.App.1977) is correct. The Court in *Sheppard* held that "[w]hen an unlimited charge on self-defense is given, a charge on the right of the accused to arm himself is not required." *Id.* at 820. Appellant's requested charge sought to convey to the jury the right to arm himself, which was not in issue. Ground of error number three is without merit and is overruled.

■ In ground of error number four appellant contends the trial court erred in failing to charge on the right of self-defense against multiple assailants. In applying the facts to the law of self-defense, the record shows that the jury was instructed to determine whether the defendant reasonably believed that Mike Bratton, Emilio Cavazos *or another acting with either officer,* was using or attempting to use unlawful force against the defendant, and whether defendant reasonably believed that the use of force and the degree of force used was immediately necessary to protect himself against Mike Bratton, Emilio Cavazos or *another acting with either officer.*

Appellant cites *McCuin v. State,* 505 S.W.2d 831 (Tex.Cr.App.1974) in support of his contentions. The Court of Criminal Appeals held in *McCuin* that the lower court erred when its charge on the law of self-defense confined the defense to an attack by the deceased and not by multiple assailants. *Id.* at 832. The Court further noted that: "If there is evidence that more than one assailed defendant, the charge of the court is too restrictive if it confines the right of self-defense to the acts of deceased." *Id.* In the instant case the charge to the jury

clearly applied the law of self-defense to the use of force or attempted use of force by peace officers Mike Bratton, Emilio Cavazos or another acting with either officer. Consequently, we do not view the charge as restrictive to one or two officers, since the charge included "another", meaning multiple assailants. *See Easterwood v. State,* 132 Tex.Cr.R. 9, 101 S.W.2d 576, 578 (1936). Ground of error number four is overruled.

■ Ground of error number five alleges error in the court's failure to charge on apparent danger as viewed from the defendant's standpoint. The record reflects that the trial court rejected appellant's requested charge on this issue. Instead, the court defined a reasonable belief as a belief held by an ordinary and prudent person in the same circumstances as defendant. TEX.PENAL CODE ANN. § 9.31(a) (Vernon 1974) expressly provides that "a person is justified in using force against another when and to the degree *he reasonably believes* the force is immediately necessary...." (Emphasis added). Section 9.32 of the Code provides that deadly force may be used to defend oneself if one *"reasonably believes* the deadly force is immediately necessary...." TEX.PENAL CODE ANN. § 9.32(3) (Vernon 1974) (Emphasis added). Section 1.07(31) of the Code defines "reasonable belief" to mean a belief that would be held by an ordinary and prudent man in the same circumstances as the actor. TEX.PENAL CODE ANN. § 1.07(31) (Vernon 1974). The authority in point is *Valentine v. State,* 587 S.W.2d 399 (Tex.Cr.App.1979), where the trial court did not charge the jury on apparent danger as viewed from defendant's standpoint. The Court of Criminal Appeals approved the trial court's instruction to the jury that the appellant's conduct would be justified if the appellant reasonably believed that the deceased was using or attempting to use unlawful deadly force against her at the time of the shooting. *Id.* at 400–01. The Court further stated:

By defining the term 'reasonable belief' as it did, the court instructed the jury that a reasonable apprehension of danger, whether it be actual or apparent, is all that is required before one is entitled to exercise the right of self-defense against his adversary.

*Id.* at 401.

We thus conclude that the court's charge adequately presented appellant's defensive theory and protected his rights. TEX. CODE CRIM.PROC.ANN. art. 36.19 (Vernon 1981). Ground of error number five is overruled.

■ Lastly, ground of error number six asserts reversible error in the trial court's denial of appellant's motion to suppress based on an invalid affidavit and search warrant. The main issue herein concerns the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were. We agree with the State's claim that the affidavit filed in obtaining the search warrant satisfied the two-pronged test of *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). The magistrate must first be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and secondly, the affidavit must specify some of the underlying circumstances from which the officers concluded that the informant, whose identity need not be disclosed, was credible or his information reliable. *Aguilar v. Texas,* 378 U.S. at 114, 84 S.Ct. at 1514.

In the instant case, the affidavit stated that the informant *actually saw* the methamphetamine in appellant's possession within the last twenty-four hours at the Habitat Apartments located at 3815 West Avenue, Apartment Number 413. Secondly, the affidavit states that while the informant had not given any previous information to the officer, the informant has a good reputation for credibility and reliability in the community. In *Carvajal v. State,* 529 S.W.2d 517 (Tex.Cr.App.1975), *cert. denied,* 424 U.S. 926, 96 S.Ct. 1139, 47 L.Ed.2d 336 (1976), the Court of Criminal Appeals approved an affidavit in a search warrant where the informant had not previously given information to the officer. The informant's reliability

and credibility, however, were established by the fact that he had a good reputation in the neighborhood and had no criminal record. *Id.* at 519–20. *See Adair v. State,* 482 S.W.2d 247, 252–53 (Tex.Cr.App.1972). We thus conclude that the trial court correctly denied the motion to suppress. Ground of error six is overruled.

Accordingly, having reviewed all of appellant's assignments of error, we reverse and remand the judgment of the trial court on grounds of error one and two.