Affirmed and Memorandum Opinion filed December 16, 2004









Affirmed
and Memorandum Opinion filed December 16, 2004.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-01357-CR

____________

 

KRISTOPHER SCOTT
MOODY,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 179th
District Court

Harris County, Texas

Trial Court Cause No. 910,157

 



 

M E M O R A N D U M   O P I N I O N

Appellant received a twenty-year sentence
after a jury found him guilty of the felony offense of murder.  On appeal, appellant asserts in five points
of error that the evidence was legally and factually insufficient to convict
him, as the primary actor, a party, or a conspirator, and that the trial court
committed charge error by including an instruction on law of the parties.  We affirm.

 

 








I.        Factual
and Procedural Background 

Genaro Gonzalez died after being hit by a
car and shot in a fight that broke out in the Amazonia Club parking lot.  Earlier in the evening, appellant was at
Amazonia with his girlfriend and Charlie Dunn. 
About one week before the fatal shooting, appellant was involved in
another fight at the same club when a group of people jumped him—those same
individuals were at Amazonia on the night Gonzalez was shot.  After seeing these individuals at Amazonia,
appellant called Dunn, who had left the club to go to his girlfriend’s home,
and asked Dunn to bring a gun back to the club. 
When appellant, appellant’s girlfriend, and Dunn left the club around 2
a.m., a fight broke out in the parking lot among appellant, Dunn, and the group
that fought with appellant the previous week. 
Appellant and Dunn were actively involved in the melee, although it is
unclear which man actually fired the shot that killed Gonzalez.[1]

The State charged appellant with the
felony offense of murder.  After a jury
trial, appellant was sentenced to twenty years’ confinement in the
Institutional Division of the Texas Department of Criminal Justice.  At trial, the State’s primary theory was that
appellant was the primary actor and fired the fatal shot, although the State,
and appellant, also introduced evidence that indicated Dunn was the shooter.  On appeal, appellant has five points of
error; the first three challenge the legal sufficiency of the evidence,[2]
the fourth challenges the factual sufficiency of the evidence, and the fifth
challenges the propriety of including an instruction on the law of parties in
the jury charge.  We initially address
appellant’s fifth issue before turning to the legal and factual sufficiency
reviews.








II.       The trial court correctly submitted a
jury instruction on the law of parties.

Under Texas law,
“a person is criminally responsible as a party . . . if the offense is
committed by his own conduct, by the conduct of another for which he is
criminally responsible, or by both.”  Tex. Penal
Code § 7.01(a).  The Texas Court
of Criminal Appeals set forth the test to determine whether a charge on the law
of parties was appropriate in McCuin v. State:

Where the evidence introduced . . .
shows the active participation in the offense by two or more persons, the trial
court should first remove from consideration the acts and conduct of the
non-defendant actor.  Then, if the
evidence of the conduct of the defendant then on trial would be sufficient, in
and of itself, to sustain the conviction, no submission of the law of principals
is required. . . . On the other hand, if the evidence introduced . . . shows,
or raises an issue, that the conduct of the defendant then upon trial is not
sufficient, in and of itself, to sustain a conviction, the State’s case rests
upon the law of principals and is dependent, at least in part, upon the law of
the conduct of another.  In such a case,
the law of principals must be submitted and made applicable to the facts of the
case.

 

505 S.W.2d 827, 830 (Tex. Crim. App. 1974); Brown
v. State, 716 S.W.2d 939, 944 (Tex. Crim. App. 1986) (en banc) (“The McCuin
test is still a viable means for determining when a cause should be submitted
to the jury on the law of parties.”).








The evidence adduced at trial raises an
issue as to the active participation in Gonzalez’s shooting by both appellant
and Dunn.  The State’s evidence tends to
show appellant was the primary actor while the defense’s evidence supports the
theory that Dunn was the shooter.  Even
if appellant did not shoot Gonzalez himself, the State’s evidence shows that
appellant asked Dunn to bring a gun to the club, took the gun from the trunk of
the car during the fight, and returned the gun to the trunk after Gonzalez was
shot.  These circumstances support
including an instruction on the law of parties. 
Tarpley v. State, 565 S.W.2d 525, 529 (Tex. Crim. App. 1978)
(allowing trial court to look to events before, during, and after the
commission of the crime to determine whether an instruction on law of the
parties is appropriate); see also Goff v. State, 931 S.W.2d 537, 545 (Tex.
Crim. App. 1996) (en banc) (finding party instruction appropriate even though
primary actor theory was best supported by the evidence because appellant
repeatedly attempted to put forth evidence showing that a non-defendant party
had committed or masterminded the crime). 
We overrule appellant’s fifth point of error.[3]

III.      The evidence is legally sufficient to
prove appellant killed Gonzalez.

In appellant’s
second point of error, he contends the State’s evidence is legally insufficient
to prove that he, acting as the primary actor, killed Gonzalez.[4]  In a legal sufficiency challenge, we view the
evidence in the light most favorable to the prosecution to determine whether
any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319 (1979). 
At trial, the State’s witnesses testified that appellant:

·                     
asked
Dunn to bring a gun to Amazonia;

·                     
moved
the shotgun Dunn brought from the trunk to the backseat;

·                     
looked
as though he were pumping the shotgun in the backseat;

·                     
took
the shotgun from the backseat; 

·                     
was
holding the gun when he was close to Gonzalez; and

·                     
walked
back to the car with the gun after Gonzalez was shot and put the gun in the
trunk.

 

We find this evidence legally sufficient
to support a finding that appellant, acting as the primary actor, committed
murder and overrule appellant’s first point of error.








IV.      The evidence is legally sufficient to
prove appellant’s guilt under the law of parties.

In appellant’s
second point of error, he contends the State failed to introduce legally
sufficient evidence to support his conviction under the law of parties.  When a person promotes or assists in the
commission of an offense, that person shares criminal responsibility.  Haddad v. State, 860 S.W.2d 947, 950
(Tex. App.—Dallas 1993, pet. ref’d).  It
is appropriate to look at events before, during and after the commission of the
crime.  Goff, 931 S.W.2d at
545.  Participation can be inferred from
the circumstances and the State is not required to introduce direct
evidence.  Beardsley v. State, 738
S.W.2d 681, 684 (Tex. Crim. App. 1987) (en banc).  Although mere presence is insufficient,
standing alone, to prove culpability as a party, it is one circumstance that
tends to prove guilt.  Id. at 685.


On appeal, appellant contends the evidence
is legally insufficient to support his conviction under the law of parties
because the State only proved that he was present at Amazonia during the
commission of the crime.  In this case,
however, the State’s evidence shows more than appellant’s mere presence.  When viewed in the light most favorable to
the prosecution, the evidence also shows that appellant:

·                     
asked
Dunn to bring a gun to Amazonia, 

·                     
took
the gun from the trunk and moved it to the backseat,

·                     
pumped
the shotgun, 

·                     
took
the gun from the car, and 

·                     
returned the gun to the trunk after Gonzalez was shot.

Even if Dunn were the actual shooter, a
rational jury could find beyond a reasonable doubt that appellant promoted or
assisted Dunn in his commission of the offense. 
We  overrule appellant’s second
point of error.

V.      The evidence is factually sufficient to
support appellant’s conviction.








We now turn to
appellant’s remaining point of error to determine whether the evidence was
factually sufficient to support his conviction under any theory.  In a factual sufficiency review, we view all
of the evidence in a neutral light to determine if a jury was rationally
justified in finding guilt beyond a reasonable doubt.  Zuniga v. State, 144 S.W.3d 477, 484
(Tex. Crim. App. 2004).  The evidence is
factually insufficient if the evidence that supports the verdict is too weak to
support the finding of guilt beyond a reasonable doubt or if the contrary
evidence is so strong that the beyond-a-reasonable-doubt standard could not
have been met.  Id.

Viewing the evidence that supports the
verdict, we find the jury was rationally justified in finding guilt beyond a
reasonable doubt.  The State’s evidence
shows appellant asked Dunn to bring a gun to Amazonia, retrieved the gun from
the trunk, pumped the shotgun in the backseat, walked towards the front of the
car—where Gonzalez was shot—and then returned the gun to the trunk.  A jury could view this evidence and
rationally conclude that appellant was guilty of Gonzalez’s murder, either as
the primary actor or as a party.  

Viewing all of the evidence in a neutral
light, we do not find that the contrary evidence is so overwhelming that the
beyond-a-reasonable-doubt standard could not have been met.  Appellant relies on the following evidence to
show the evidence is factually insufficient:

·                     
Dunn
said after the shooting, “I got that fool, but I don’t know where.  I don’t know where I got that nigger”;

·                     
no
one saw appellant shoot Gonzalez; 

·                     
appellant
voluntarily spoke with police and denied shooting Gonzalez;

·                     
the
fatal shot was fired from 1–3 feet away and appellant was seen at least 10–15
feet away from Gonzalez; and

·                     
Dunn’s mother was seen leaving her home with a shotgun
wrapped in a towel approximately one week after the shooting.








Appellant also points out that some of the state’s key
witnesses had a potential bias for testifying against appellant.[5]  We do not find this contrary evidence to be
so overwhelming that a rational jury could not have found appellant was guilty
beyond a reasonable doubt, either as the primary actor or under the law of
parties.  

Having concluded that the verdict was
factually sufficient, we cannot help but note that this is precisely the type
of case—full of conflicting testimony, credibility determinations and plausible
explanations of what occurred—that a jury is best situated to decide.  As the Texas Court of Criminal Appeals
recently noted, in conducting a factual sufficiency review, “[d]eference is
given to the jury verdict, as well as determinations involving the credibility
and demeanor of witnesses.”  Id.
at 481.  “Because the jury is the judge
of the facts” we, as an appellate court, cannot “‘find’ facts or substitute [our]
judgment for that of the jury.”  Id.
at 482.

We overrule appellant’s final point of
error and affirm his conviction.

 

 

/s/          Wanda McKee Fowler

Justice

 

 

Judgment
rendered and Memorandum Opinion filed December 16, 2004.

Panel
consists of Chief Justice Hedges and Justices Fowler and Seymore.

Do
Not Publish — Tex. R. App. P.
47.2(b).

 

 











[1]  We point out
and address the conflicting testimony in greater detail in our legal and
factual sufficiency reviews of the evidence.





[2]  Appellant’s
third point of error challenges the legal sufficiency of the evidence to
support his conviction under the theory of conspiracy.  The court did not instruct the jury on
conspiracy, nor has appellant demonstrated how or why the jury may have
convicted him on this basis.  Appellant
has not provided any legal authority to show that he was wrongfully convicted
on a conspiracy theory nor has he briefed this issue separately from his
complaints about his conviction as a party. 
We therefore decline to address this point of error.





[3]  Even if the
trial court had erred in instructing the jury on the law of the parties, any
error would be harmless because of our determination that the evidence supports
appellant’s guilt as the principal actor. 
Ladd v. State, 3 S.W.3d 547, 564–56 (Tex. Crim. App. 1999)
(“[W]here . . . the evidence clearly supports a defendant’s guilt as a
principal actor, any error of the trial court in charging on the law of parties
is harmless.”) (citing Black v. State, 723 S.W.2d 647, 675 (Tex. Crim.
App. 1986)).





[4]  The State was
not required to prove that appellant fired the fatal shot.  The jury’s general verdict of guilty will be
upheld if any of the theories that would support the verdict are supported by
sufficient evidence.  Kitchens v.
State, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991) (en banc).  Nevertheless, we will address appellant’s
points of error as he has raised them, theory by theory.





[5]  In support,
appellant asserts that one witness was charged with aggravated assault for
hitting Gonzalez with his vehicle but not sentenced until after he testified in
appellant’s trial, that a motion to revoke Dunn’s probation was pending and
Dunn was in jail when police initially spoke with him about the case, and that
the motion to revoke Dunn’s probation was dismissed after Dunn provided police
with information about the evening Gonzalez was shot.