NO. 07-03-0525-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 14, 2005

_____

JOHN BLACKWELL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-401671; HONORABLE BRADLEY S. UNDERWOOD, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant John Blackwell was convicted by a jury of possession of a controlled substance and sentenced to ten years confinement. By three points of error, appellant contends (1) the evidence of the controlled substance should not have been admitted because it was obtained as the result of an unlawful search and seizure, (2) the evidence is legally and factually insufficient to allow a jury to conclude he

intentionally or knowingly possessed a controlled substance, and (3) the trial court erred in including an instruction in the charge on the law of parties. We affirm.

Appellant was arrested and charged with possession of a controlled substance after several rocks of cocaine were discovered in his vehicle during a traffic stop. The incident occurred in the early morning hours of December 7, 2002, when Officer Nathan Anderson observed appellant and two men leaving a known crack house and getting into appellant's vehicle. Based on his knowledge of the area, the officer immediately became suspicious and began following the vehicle. After witnessing a turn signal violation, he initiated a traffic stop to investigate. As the officer approached the men, the front passenger exited the vehicle and began to walk away. Officer Anderson immediately drew his weapon and ordered the man back into the car. He then placed the man inside his patrol car while he made contact with appellant.

Upon confronting appellant, Officer Anderson requested identification and inquired into the men's suspicious activities. Appellant produced an identification card. However, suspicious of his behavior, Officer Anderson searched appellant's person for weapons and placed him inside his patrol car along with the front passenger. There, appellant was presented and signed a consent-to-search form. After obtaining consent, the officer returned to appellant's vehicle, removed the rear passenger, and searched the vehicle for contraband. He discovered one rock of cocaine in the center console, two rocks under the front passenger seat, and one rock on the rear seat. All three men were arrested and charged with possession of a controlled substance.

2

By his first point of error, appellant contends the cocaine evidence should have been excluded because it was obtained as the result of an unlawful search and seizure when the officer converted the traffic stop into a drug interdiction stop. He also argues the officer used the illegal extension of the traffic stop to obtain permission to search his vehicle. We disagree.

To preserve error for appellate review, a party must make a timely request, objection, or motion sufficient to make the trial court aware of his complaint and obtain a ruling. Tex. R. App. P. 33.1(a). If an objection is made, a party must object each time the inadmissible evidence is offered or obtain a running objection. Valle v. State, 109 S.W.3d 500, 509 (Tex.Cr.App. 2003). Appellant did not make a motion to suppress the evidence and did not object to the admission of the evidence at trial. Consequently, appellant's first point of error presents nothing for review and is overruled.

By his second point, appellant maintains the evidence is legally and factually insufficient to allow a jury to conclude he intentionally or knowingly possessed the cocaine found in the vehicle. We disagree.

When both the legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996). It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant committed each element of the alleged offense. U.S. Const. amend. XIV; Tex.

3

Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2004-05); Tex. Pen. Code Ann. § 2.01 (Vernon 2003).

In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979). This standard is the same in both direct and circumstantial evidence cases. Burden v. State, 55 S.W.3d 608, 612-13 (Tex.Cr.App. 2001). We conduct this analysis by considering all the evidence before the jury—whether proper or improper—so that we can make an assessment from the jury's perspective. Miles v. State, 918 S.W.2d 511, 512 (Tex.Cr.App. 1996). We must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

After conducting a legal sufficiency review under *Jackson*, we may proceed with a factual sufficiency review. *Clewis*, 922 S.W.2d at 133. Under this standard, we view all the evidence without the prism of "in the light most favorable to the prosecution" and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Johnson v. State, 23 S.W.3d 1, 9 (Tex.Cr.App. 2000). We must determine after considering all the evidence in a neutral light, whether the jury was rationally justified in finding guilt beyond a reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Cr.App. 2004). In our review, we do not resolve any conflict of fact, weigh any

4

evidence, or evaluate the credibility of the witnesses, as this was the function of the trier of fact. *See* Adelman v. State, 828 S.W.2d 418, 421 (Tex.Cr.App. 1992).

However, before determining whether the evidence is sufficient to support appellant's conviction, we must review the elements the State was required to prove. A person commits the offense of possession of cocaine if he intentionally or knowingly possesses the controlled substance. Tex. Health & Safety Code Ann. § 481.115(a) (Vernon 2003). The State must prove appellant (1) exercised actual care, custody, control, and management over the contraband and (2) knew the substance he possessed was contraband. Brown v. State, 911 S.W.2d 744, 747 (Tex.Cr.App. 1995). Presenting either direct or circumstantial evidence, the State must establish appellant's connection with the drug was more than just fortuitous. *Id.* If appellant was not in exclusive possession or control of the place where the contraband was found, the State must prove independent facts and circumstances affirmatively linking him to the contraband. Guiton v. State, 742 S.W.2d 5, 8 (Tex.Cr.App. 1987). An affirmative link generates a reasonable inference that appellant knew of the contraband's existence and exercised control over it. *See Brown*, 911 S.W.2d at 747.

Affirmative links may include, but are not limited to: (1) appellant's presence when the contraband was found; (2) whether the contraband was in plain view; (3) appellant's proximity to and the accessibility of the contraband; (4) whether appellant was under the influence of narcotics when arrested; (5) whether appellant possessed other contraband when arrested; (6) whether appellant made incriminating statements when arrested; (7) whether appellant attempted to flee; (8) whether appellant made furtive gestures; (9)

5

whether there was an odor of the contraband; (10) whether other contraband or drug paraphernalia was present; (11) whether appellant owned or had the right to possess the place where the drugs were found; (12) whether the place the drugs were found was enclosed; (13) the amount of contraband found; (14) whether appellant was the driver of the automobile in which the contraband was found; and (15) whether appellant possessed a large amount of cash. *See* Taylor v. State. 106 S.W.3d 827, 832 (Tex.App.–Dallas 2003, no pet.). *See also* Trejo v. State, 766 S.W.2d 381, 384 (Tex.App.-Austin 1989, no pet.). It is the logical force of these factors, individually or combined, which determines whether the State's evidence links appellant to the contraband. *Trejo,* 766 S.W.2d at 385.

In the present case, the evidence establishes several affirmative links that raise reasonable inferences of appellant's knowledge and control of the cocaine found in the vehicle. The vehicle belonged to appellant's wife. Appellant was driving the vehicle after leaving a known crack house around 1:00 a.m. The cocaine was found in three separate locations in the vehicle. Some of the cocaine was discovered in a cupholder in the center console, in close proximity and easily accessible to appellant. When confronted by the officer, appellant acted nervously and tried to exit the vehicle. After his arrest, appellant stated, "My wife is never going to forgive me."

Notwithstanding the affirmative links establishing his knowledge and possession of the contraband, appellant argues the evidence shows it was the rear passenger, not he, who possessed the cocaine. Appellant suggests the rear passenger, while left unattended during the traffic stop, crushed a large rock of cocaine into several smaller rocks and placed them

6

in various locations in the vehicle near where each man had been sitting. Furthermore, appellant relies on the fact that the two passengers each pleaded guilty and were convicted of possession of the controlled substance in this case. However, the fact that the two passengers accepted responsibility for the cocaine does not absolve appellant of his culpability as a party to the offense.

A person is criminally responsible for an offense committed by the conduct of another if acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. Tex. Pen. Code Ann. § 7.02 (Vernon 2003). The evidence is sufficient to convict under the law of parties where the defendant is physically present at the commission of the offense and encourages the commission of the offense by words or other agreement. Cordova v. State, 698 S.W.2d 107, 111 (Tex.Cr.App. 1985), *cert. denied*, 476 U.S. 1101, 106 S.Ct. 1942, 90 L.Ed.2d 352 (1986). In making that determination, the court may examine the events before, during, and after the commission of the offense and rely on actions of the defendant, which show an understanding and common design to commit the offense. *Id*. Participation in an offense may be inferred from the circumstances. *See* Beardsley v. State, 738 S.W.2d 681, 684 (Tex.Cr.App. 1987). Finally, although mere presence at the scene of an offense is not alone sufficient to support a conviction, it is a circumstance tending to prove guilt that may be combined with other facts to show appellant was a participant. *Id*. at 685.

Here, considering the evidence, a rational jury could reasonably reach the conclusion that appellant knew there was cocaine in his vehicle. In addition, appellant's willingness to

7

transport two men leaving a crack house lends credence to the State's contention that, at a bare minimum, appellant acted as a party to the offense. Thus, assuming *arguendo*, the evidence was not sufficient to establish appellant was a principal actor in the commission of the offense, a rational jury reasonably could have inferred from the circumstances that his actions, in conjunction with those of his passengers, demonstrate he knew of the cocaine and that it was within his care, control, and management. *See* Vargas v. State, 883 S.W.3d 256, 263 (Tex.App.–Corpus Christi 1994, pet. ref'd).

Viewing the evidence in the light most favorable to the prosecution, we conclude a rational trier of fact could have found beyond a reasonable doubt that appellant committed the offense of possession of a controlled substance. We further conclude the evidence is not so weak that the jury's verdict was clearly wrong and unjust, nor is the verdict so against the overwhelming weight of the evidence as to be clearly wrong and unjust. We find the evidence is legally and factually sufficient to support appellant's conviction. Appellant's second point of error is overruled.

By his third point, appellant claims the trial court erred by instructing the jury on the law of parties over his objection because there is no evidence he acted in cooperation or with knowledge of the actions or intentions of his passengers. We disagree.

The test to determine whether evidence supports an instruction on the law of the parties was clarified in McCuin v. State, 505 S.W.2d 827, 830 (Tex.Cr.App. 1974). Where there is evidence of participation in an offense by two or more persons and the evidence

8

pertaining to the conduct of the accused would be sufficient, in and of itself, to sustain his conviction, then no instruction on the law of parties is required. *Id.* On the other hand, if the evidence demonstrates, or raises an issue, that the conduct of the accused is insufficient, in and of itself, to sustain his conviction, an instruction on the law of parties must be submitted and applied to the facts of the case. *Id.*

Since we have already determined the evidence is legally and factually sufficient to support appellant's conviction, a submission on the law of parties would not have been required. However, because the evidence supports a finding of appellant's guilt as a principal actor, any error of the trial court in charging on the law of parties is considered harmless. Ladd v. State, 3 S.W.3d 547, 564-65 (Tex.Cr.App. 1999). Appellant's third point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.


Don H. Reavis
Justice

Do not publish.

9