Opinion filed April 12, 2007
















 
 
  
 
 







 
 
  
 
 




Opinion filed April 12, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00248-CR 

                                                     __________

 

                             VICKY
MOORE HAMMONDS,
Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 35th District Court 

 

                                                          Brown County, Texas

 

                                                 Trial
Court Cause No. CR17678

 



 

                                                                   O
P I N I O N

 

Vicky Moore Hammonds appeals from a jury
conviction for possession of a controlled substance with the intent to
deliver.  The trial court sentenced her
to twenty years in the Institutional Division of the Texas Department of
Criminal Justice.  We affirm.

Background Facts








Appellant was indicted for knowingly possessing,
with the intent to deliver, methamphetamine in the amount of four grams or more
but less than two hundred grams. 
Appellant pleaded not guilty and proceeded to a jury trial.  After the conclusion of the evidence, the
trial court gave the following instruction on the law of parties:

Now, if you find from the evidence beyond a
reasonable doubt that on or about the 4th day of January, 2005, in
Brown County, Texas, VICKY MOORE HAMMONDS, the defendant, either acting alone
(or with CARL PERRIE or JASON PERRIE, with the intent to promote or assist the
commission of the offense of Possession of a Controlled Substance with the
Intent to Deliver, if any, solicited, encouraged, directed, aided, or attempted
to aid CARL PERRIE or JASON PERRIE, to commit the offense, if she did) did then
and there knowingly possess, with intent to deliver, a controlled substance,
namely Methamphetamine, in an amount of four grams or more but less than 200
grams, including adulterants and dilutants, then you will find the defendant
guilty as charged of Possession of a Controlled Substance with Intent to
Deliver as set forth in the indictment.

 

The trial court=s
charge included the same instruction on the law of parties in the paragraphs
regarding the lesser included offenses of possession of a controlled substance
in the amount of four grams or more but less than two hundred grams and
possession of a controlled substance in the amount of one gram or more but less
than four grams.  Appellant objected to
the inclusion of the instruction on the law of parties.  The trial court overruled the objection.  The jury found appellant guilty of possession
of a controlled substance, with the intent to deliver, in the amount of four
grams or more but less than two hundred grams.

Issues on Appeal 

Appellant presents two issues on appeal.  First, appellant asserts that the trial court
erred in giving the instruction regarding the law of parties in the
charge.  Second, appellant asserts that
the instruction on the law of parties resulted in harm. 

Discussion of the Law 

When reviewing a jury charge error, we must first
determine whether error actually exists. Ngo v. State, 175 S.W.3d 738,
743 (Tex.
Crim. App. 2005).  If error is found,
then we must determine whether the error caused harm.  Middleton v. State, 125 S.W.3d 450,
453 (Tex.
Crim. App. 2003).








Under the law of parties, a person may be charged
as a party to the offense if the offense is committed by his own conduct or by
the conduct of another for whom he is criminally responsible.  Tex.
Pen. Code Ann. '
7.01(a) (Vernon 2003).  A person is
criminally responsible for an offense committed by another if he intentionally
promotes or assists the commission of the offense by soliciting, encouraging,
directing, aiding, or attempting to aid the other person to commit the
offense.  Tex. Pen. Code Ann. '
7.02(a)(2) (Vernon 2003). 

The Court of Criminal Appeals has set out the test
to determine if an instruction on the law of parties is required.  It states:

Where the evidence introduced upon the trial of
the cause shows the active participation in the offense by two or more persons,
the trial court should first remove from consideration the acts and conduct of
the non-defendant actor.  Then, if the
evidence of the conduct of the defendant then on trial would be sufficient, in
and of itself, to sustain the conviction, no submission of the law of
principals is required. . . .

 

On the other hand, if the evidence introduced upon
the trial of the cause shows, or raises an issue, that the conduct of the
defendant then upon trial is not sufficient, in and of itself, to sustain a
conviction, the State=s
case rests upon the law of principals and is dependent, at least in part, upon
the conduct of another.  In such a case,
the law of principals must be submitted and made applicable to the facts of the
case.  

 

McCuin v. State, 505 S.W.2d 827, 830 (Tex. Crim. App.
1974).  An instruction on the law of
parties may be given if the evidence supports such an instruction, even if
there is not an allegation in the indictment that the defendant acted as a
party.  Meanes v. State, 668
S.W.2d 366, 372  (Tex. Crim. App. 1983); Leon v. State, 102 S.W.3d 776, 781
(Tex. App.CHouston [14th Dist.] 2003, no pet.). 

Discussion of the Evidence 

On January 4, 2005, after receiving a tip that
there was a large quantity of methamphetamine at appellant=s residence, police officers set up
surveillance and obtained a search warrant for appellant=s
residence.  Appellant was stopped in her
vehicle a short distance away from her residence.  Appellant admitted to having
methamphetamine.  In appellant=s purse, officers found methamphetamine
in separate packaged amounts, a day planner address book, and a money pouch
containing a sum of money.  In appellant=s car, the officers found
methamphetamine in separate packaged amounts, a police scanner, a ledger
containing names and numbers, and a cut soda straw.  Officer Tony Aaron, the lead investigator in
appellant=s case,
testified that all these things were commonly found in the possession of a
person involved with the delivery or distribution of a controlled substance.








Pursuant to a search warrant, officers searched
appellant=s
residence.  In the master bedroom of
appellant=s
residence, the officers found a metal tin containing cut soda straws, glass
pipes used to smoke methamphetamine, a small amount of methamphetamine in a
plastic bag, and a black handgun case containing numerous small ziplock bags
used for packaging methamphetamine and digital scales used for weighing
methamphetamine.  The officers also found
a vitamin supplement, MSM, that is added to methamphetamine so that it can be
sold in larger quantities.  Officer Aaron
testified that all the items found at appellant=s
residence were items that are used to deliver and distribute
methamphetamine.  Officer Aaron further
testified that, based on the totality of all the evidence, he believed
appellant to be in possession of methamphetamine for distribution.

Appellant asserted at trial that the
methamphetamine belonged to her sons and that she was removing the
methamphetamine from the house so her sons would not be caught in possession of
it.  However, the testimony did not link
the evidence to appellant=s
sons.  Officer Aaron=s testimony linked the evidence to
appellant.  He testified that all the
drugs and paraphernalia were found either in appellant=s
purse, her car, or her residence.  He
further testified that some of the items contained information that was
personal to appellant, further linking the evidence to her.

 The
evidence clearly showed appellant=s
guilt as a primary actor.  Because the
evidence was sufficient to sustain appellant=s
conviction based on her conduct as a primary actor, an instruction on the law
of parties was not required.  McCuin,
505 S.W.2d at 830.  The court instructed
the jury that it could find appellant committed the offense either acting alone
or with one or more persons.  Appellant
properly objected to the charge.  

If the inclusion of a law-of-parties instruction
caused some harm, reversal is required. Almanza v. State, 686 S.W.2d
157, 171 (Tex. Crim. App. 1985).  The
Texas Court of Criminal Appeals has recognized in similar instances that the
inclusion of such an instruction is harmless. 
See Brown v. State, 716 S.W.2d 939, 946 (Tex. Crim. App. 1986 )
(any error in charging on the law of parties is harmless if the evidence
clearly supports defendant=s
guilt as the primary actor); Todd v. State, 601 S.W.2d 718, 721 (Tex.
Crim. App. 1980) (because the jury was authorized to convict the defendant if
it found that he acted alone, any error including a law-of-parties instruction
was harmless).








Appellant contends that she was harmed because the
jury could have convicted her based upon the independent acts of her sons.  The evidence of her guilt, however, is
overwhelming.  Appellant was found in
possession of a large quantity of methamphetamine, both in her purse and in the
front seat of her car, that had been packaged in several discrete units.  She also had in her purse and car items
consistent with the intent to deliver methamphetamine:  a ledger, cut soda straw, money pouch, and
address book.  In light of this evidence
and because the jury was authorized to convict appellant if it found she was
acting alone, the inclusion of the law-of-parties instruction was
harmless.  We overrule appellant=s first and second issues on appeal.

Conclusion 

The trial court=s
judgment is affirmed.

 

 

RICK STRANGE

JUSTICE

 

April 12, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.