NO. 07-03-0525-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JULY 14, 2005



______________________________




JOHN BLACKWELL, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-401671; HONORABLE BRADLEY S. UNDERWOOD, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

 Following a plea of not guilty, appellant John Blackwell was convicted by a jury of
possession of a controlled substance and sentenced to ten years confinement. By three
points of error, appellant contends (1) the evidence of the controlled substance should not
have been admitted because it was obtained as the result of an unlawful search and
seizure, (2) the evidence is legally and factually insufficient to allow a jury to conclude he
intentionally or knowingly possessed a controlled substance, and (3) the trial court erred in
including an instruction in the charge on the law of parties. We affirm.

 Appellant was arrested and charged with possession of a controlled substance after
several rocks of cocaine were discovered in his vehicle during a traffic stop. The incident
occurred in the early morning hours of December 7, 2002, when Officer Nathan Anderson
observed appellant and two men leaving a known crack house and getting into appellant's
vehicle. Based on his knowledge of the area, the officer immediately became suspicious
and began following the vehicle. After witnessing a turn signal violation, he initiated a traffic
stop to investigate. As the officer approached the men, the front passenger exited the
vehicle and began to walk away. Officer Anderson immediately drew his weapon and
ordered the man back into the car. He then placed the man inside his patrol car while he
made contact with appellant. 

 Upon confronting appellant, Officer Anderson requested identification and inquired
into the men's suspicious activities. Appellant produced an identification card. However,
suspicious of his behavior, Officer Anderson searched appellant's person for weapons and
placed him inside his patrol car along with the front passenger. There, appellant was
presented and signed a consent-to-search form. After obtaining consent, the officer
returned to appellant's vehicle, removed the rear passenger, and searched the vehicle for
contraband. He discovered one rock of cocaine in the center console, two rocks under the
front passenger seat, and one rock on the rear seat. All three men were arrested and
charged with possession of a controlled substance.

 By his first point of error, appellant contends the cocaine evidence should have been
excluded because it was obtained as the result of an unlawful search and seizure when the
officer converted the traffic stop into a drug interdiction stop. He also argues the officer used
the illegal extension of the traffic stop to obtain permission to search his vehicle. We
disagree.

 To preserve error for appellate review, a party must make a timely request, objection,
or motion sufficient to make the trial court aware of his complaint and obtain a ruling. Tex.
R. App. P. 33.1(a). If an objection is made, a party must object each time the inadmissible
evidence is offered or obtain a running objection. Valle v. State, 109 S.W.3d 500, 509
(Tex.Cr.App. 2003). Appellant did not make a motion to suppress the evidence and did not
object to the admission of the evidence at trial. Consequently, appellant's first point of error
presents nothing for review and is overruled.

 By his second point, appellant maintains the evidence is legally and factually
insufficient to allow a jury to conclude he intentionally or knowingly possessed the cocaine
found in the vehicle. We disagree. 

 When both the legal and factual sufficiency of the evidence are challenged, we must
first determine whether the evidence is legally sufficient to support the verdict. Clewis v.
State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996). It is a fundamental rule of criminal law that
one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the
defendant committed each element of the alleged offense. U.S. Const. amend. XIV; Tex.
Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2004-05); Tex. Pen. Code Ann. § 2.01
(Vernon 2003).

 In conducting a legal sufficiency review, we must determine whether, after viewing
the evidence in the light most favorable to the prosecution, any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979). This standard
is the same in both direct and circumstantial evidence cases. Burden v. State, 55 S.W.3d
608, 612-13 (Tex.Cr.App. 2001). We conduct this analysis by considering all the evidence
before the jury--whether proper or improper--so that we can make an assessment from the
jury's perspective. Miles v. State, 918 S.W.2d 511, 512 (Tex.Cr.App. 1996). We must
uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum
of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

 After conducting a legal sufficiency review under Jackson, we may proceed with a
factual sufficiency review. Clewis, 922 S.W.2d at 133. Under this standard, we view all the
evidence without the prism of "in the light most favorable to the prosecution" and set aside
the verdict only if it is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust. Johnson v. State, 23 S.W.3d 1, 9 (Tex.Cr.App. 2000). We must
determine after considering all the evidence in a neutral light, whether the jury was rationally
justified in finding guilt beyond a reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484
(Tex.Cr.App. 2004). In our review, we do not resolve any conflict of fact, weigh any
evidence, or evaluate the credibility of the witnesses, as this was the function of the trier of
fact. See Adelman v. State, 828 S.W.2d 418, 421 (Tex.Cr.App. 1992). 

 However, before determining whether the evidence is sufficient to support appellant's
conviction, we must review the elements the State was required to prove. A person commits
the offense of possession of cocaine if he intentionally or knowingly possesses the
controlled substance. Tex. Health & Safety Code Ann. § 481.115(a) (Vernon 2003). The
State must prove appellant (1) exercised actual care, custody, control, and management
over the contraband and (2) knew the substance he possessed was contraband. Brown v.
State, 911 S.W.2d 744, 747 (Tex.Cr.App. 1995). Presenting either direct or circumstantial
evidence, the State must establish appellant's connection with the drug was more than just
fortuitous. Id. If appellant was not in exclusive possession or control of the place where the
contraband was found, the State must prove independent facts and circumstances
affirmatively linking him to the contraband. Guiton v. State, 742 S.W.2d 5, 8 (Tex.Cr.App.
1987). An affirmative link generates a reasonable inference that appellant knew of the
contraband's existence and exercised control over it. See Brown, 911 S.W.2d at 747. 

 Affirmative links may include, but are not limited to: (1) appellant's presence when
the contraband was found; (2) whether the contraband was in plain view; (3) appellant's
proximity to and the accessibility of the contraband; (4) whether appellant was under the
influence of narcotics when arrested; (5) whether appellant possessed other contraband
when arrested; (6) whether appellant made incriminating statements when arrested; (7)
whether appellant attempted to flee; (8) whether appellant made furtive gestures; (9)
whether there was an odor of the contraband; (10) whether other contraband or drug
paraphernalia was present; (11) whether appellant owned or had the right to possess the
place where the drugs were found; (12) whether the place the drugs were found was
enclosed; (13) the amount of contraband found; (14) whether appellant was the driver of the
automobile in which the contraband was found; and (15) whether appellant possessed a
large amount of cash. See Taylor v. State. 106 S.W.3d 827, 832 (Tex.App.-Dallas 2003,
no pet.). See also Trejo v. State, 766 S.W.2d 381, 384 (Tex.App.-Austin 1989, no pet.). It
is the logical force of these factors, individually or combined, which determines whether the
State's evidence links appellant to the contraband. Trejo, 766 S.W.2d at 385.

 In the present case, the evidence establishes several affirmative links that raise
reasonable inferences of appellant's knowledge and control of the cocaine found in the
vehicle. The vehicle belonged to appellant's wife. Appellant was driving the vehicle after
leaving a known crack house around 1:00 a.m. The cocaine was found in three separate
locations in the vehicle. Some of the cocaine was discovered in a cupholder in the center
console, in close proximity and easily accessible to appellant. When confronted by the
officer, appellant acted nervously and tried to exit the vehicle. After his arrest, appellant
stated, "My wife is never going to forgive me."

 Notwithstanding the affirmative links establishing his knowledge and possession of
the contraband, appellant argues the evidence shows it was the rear passenger, not he, who
possessed the cocaine. Appellant suggests the rear passenger, while left unattended during
the traffic stop, crushed a large rock of cocaine into several smaller rocks and placed them
in various locations in the vehicle near where each man had been sitting. Furthermore,
appellant relies on the fact that the two passengers each pleaded guilty and were convicted
of possession of the controlled substance in this case. However, the fact that the two
passengers accepted responsibility for the cocaine does not absolve appellant of his
culpability as a party to the offense. 

 A person is criminally responsible for an offense committed by the conduct of another
if acting with intent to promote or assist the commission of the offense, he solicits,
encourages, directs, aids, or attempts to aid the other person to commit the offense. Tex.
Pen. Code Ann. § 7.02 (Vernon 2003). The evidence is sufficient to convict under the law
of parties where the defendant is physically present at the commission of the offense and
encourages the commission of the offense by words or other agreement. Cordova v. State,
698 S.W.2d 107, 111 (Tex.Cr.App. 1985), cert. denied, 476 U.S. 1101, 106 S.Ct. 1942, 90
L.Ed.2d 352 (1986). In making that determination, the court may examine the events
before, during, and after the commission of the offense and rely on actions of the defendant,
which show an understanding and common design to commit the offense. Id. Participation
in an offense may be inferred from the circumstances. See Beardsley v. State, 738 S.W.2d
681, 684 (Tex.Cr.App. 1987). Finally, although mere presence at the scene of an offense
is not alone sufficient to support a conviction, it is a circumstance tending to prove guilt that
may be combined with other facts to show appellant was a participant. Id. at 685.

 Here, considering the evidence, a rational jury could reasonably reach the conclusion
that appellant knew there was cocaine in his vehicle. In addition, appellant's willingness to
transport two men leaving a crack house lends credence to the State's contention that, at
a bare minimum, appellant acted as a party to the offense. Thus, assuming arguendo, the
evidence was not sufficient to establish appellant was a principal actor in the commission
of the offense, a rational jury reasonably could have inferred from the circumstances that his
actions, in conjunction with those of his passengers, demonstrate he knew of the cocaine
and that it was within his care, control, and management. See Vargas v. State, 883 S.W.3d
256, 263 (Tex.App.-Corpus Christi 1994, pet. ref'd). 

 Viewing the evidence in the light most favorable to the prosecution, we conclude a
rational trier of fact could have found beyond a reasonable doubt that appellant committed
the offense of possession of a controlled substance. We further conclude the evidence is
not so weak that the jury's verdict was clearly wrong and unjust, nor is the verdict so against
the overwhelming weight of the evidence as to be clearly wrong and unjust. We find the
evidence is legally and factually sufficient to support appellant's conviction. Appellant's
second point of error is overruled.

 By his third point, appellant claims the trial court erred by instructing the jury on the
law of parties over his objection because there is no evidence he acted in cooperation or
with knowledge of the actions or intentions of his passengers. We disagree. 

 The test to determine whether evidence supports an instruction on the law of the
parties was clarified in McCuin v. State, 505 S.W.2d 827, 830 (Tex.Cr.App. 1974). Where
there is evidence of participation in an offense by two or more persons and the evidence
pertaining to the conduct of the accused would be sufficient, in and of itself, to sustain his
conviction, then no instruction on the law of parties is required. Id. On the other hand, if the
evidence demonstrates, or raises an issue, that the conduct of the accused is insufficient,
in and of itself, to sustain his conviction, an instruction on the law of parties must be
submitted and applied to the facts of the case. Id.

 Since we have already determined the evidence is legally and factually sufficient to
support appellant's conviction, a submission on the law of parties would not have been
required. However, because the evidence supports a finding of appellant's guilt as a
principal actor, any error of the trial court in charging on the law of parties is considered
harmless. Ladd v. State, 3 S.W.3d 547, 564-65 (Tex.Cr.App. 1999). Appellant's third point
of error is overruled. 

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice


Do not publish.



0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:1;
 font-size:14.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#365F91;
 mso-font-kerning:0pt;
 mso-bidi-language:EN-US;}
h2
 {mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-qformat:yes;
 mso-style-link:"Heading 2 Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:2;
 font-size:13.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 mso-bidi-language:EN-US;}
h3
 {mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-qformat:yes;
 mso-style-link:"Heading 3 Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:3;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 mso-bidi-language:EN-US;}
h4
 {mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-qformat:yes;
 mso-style-link:"Heading 4 Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:4;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 mso-bidi-language:EN-US;
 font-style:italic;}
h5
 {mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-qformat:yes;
 mso-style-link:"Heading 5 Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:5;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;
 mso-bidi-language:EN-US;
 font-weight:normal;}
h6
 {mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-qformat:yes;
 mso-style-link:"Heading 6 Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:6;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;
 mso-bidi-language:EN-US;
 font-weight:normal;
 font-style:italic;}
p.MsoHeading7, li.MsoHeading7, div.MsoHeading7
 {mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-qformat:yes;
 mso-style-link:"Heading 7 Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:7;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 mso-bidi-language:EN-US;
 font-style:italic;}
p.MsoHeading8, li.MsoHeading8, div.MsoHeading8
 {mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-qformat:yes;
 mso-style-link:"Heading 8 Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:8;
 font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 mso-bidi-language:EN-US;}
p.MsoHeading9, li.MsoHeading9, div.MsoHeading9
 {mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-qformat:yes;
 mso-style-link:"Heading 9 Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 mso-outline-level:9;
 font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 mso-bidi-language:EN-US;
 font-style:italic;}
p.MsoFootnoteText, li.MsoFootnoteText, div.MsoFootnoteText
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Footnote Text Char";
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoHeader, li.MsoHeader, div.MsoHeader
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Header Char";
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 tab-stops:center 3.25in right 6.5in;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoFooter, li.MsoFooter, div.MsoFooter
 {mso-style-priority:99;
 mso-style-link:"Footer Char";
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 tab-stops:center 3.25in right 6.5in;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoCaption, li.MsoCaption, div.MsoCaption
 {mso-style-noshow:yes;
 mso-style-priority:35;
 mso-style-qformat:yes;
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 mso-pagination:widow-orphan;
 font-size:9.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 color:#4F81BD;
 mso-bidi-language:EN-US;
 font-weight:bold;}
span.MsoFootnoteReference
 {mso-style-noshow:yes;
 mso-style-priority:99;
 vertical-align:super;}
p.MsoTitle, li.MsoTitle, div.MsoTitle
 {mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Title Char";
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:15.0pt;
 margin-left:0in;
 mso-add-space:auto;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD 1.0pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;
 mso-bidi-language:EN-US;}
p.MsoTitleCxSpFirst, li.MsoTitleCxSpFirst, div.MsoTitleCxSpFirst
 {mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Title Char";
 mso-style-next:Normal;
 mso-style-type:export-only;
 margin:0in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD 1.0pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;
 mso-bidi-language:EN-US;}
p.MsoTitleCxSpMiddle, li.MsoTitleCxSpMiddle, div.MsoTitleCxSpMiddle
 {mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Title Char";
 mso-style-next:Normal;
 mso-style-type:export-only;
 margin:0in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD 1.0pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;
 mso-bidi-language:EN-US;}
p.MsoTitleCxSpLast, li.MsoTitleCxSpLast, div.MsoTitleCxSpLast
 {mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Title Char";
 mso-style-next:Normal;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:15.0pt;
 margin-left:0in;
 mso-add-space:auto;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD 1.0pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;
 mso-bidi-language:EN-US;}
p.MsoSubtitle, li.MsoSubtitle, div.MsoSubtitle
 {mso-style-priority:11;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Subtitle Char";
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:12.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 letter-spacing:.75pt;
 mso-bidi-language:EN-US;
 font-style:italic;}
p.MsoAcetate, li.MsoAcetate, div.MsoAcetate
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Balloon Text Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:widow-orphan;
 font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-font-family:Tahoma;
 mso-bidi-language:EN-US;}
p.MsoNoSpacing, li.MsoNoSpacing, div.MsoNoSpacing
 {mso-style-priority:1;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-parent:"";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraph, li.MsoListParagraph, div.MsoListParagraph
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:.5in;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraphCxSpFirst, li.MsoListParagraphCxSpFirst, div.MsoListParagraphCxSpFirst
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:.5in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraphCxSpMiddle, li.MsoListParagraphCxSpMiddle, div.MsoListParagraphCxSpMiddle
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:.5in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraphCxSpLast, li.MsoListParagraphCxSpLast, div.MsoListParagraphCxSpLast
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:.5in;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoQuote, li.MsoQuote, div.MsoQuote
 {mso-style-priority:29;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Quote Char";
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 color:black;
 mso-bidi-language:EN-US;
 font-style:italic;}
p.MsoIntenseQuote, li.MsoIntenseQuote, div.MsoIntenseQuote
 {mso-style-priority:30;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Intense Quote Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:.65in;
 margin-bottom:14.0pt;
 margin-left:.65in;
 line-height:115%;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD .5pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 color:#4F81BD;
 mso-bidi-language:EN-US;
 font-weight:bold;
 font-style:italic;}
span.MsoSubtleEmphasis
 {mso-style-priority:19;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 color:gray;
 font-style:italic;}
span.MsoIntenseEmphasis
 {mso-style-priority:21;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
span.MsoSubtleReference
 {mso-style-priority:31;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 font-variant:small-caps;
 color:#C0504D;
 text-decoration:underline;
 text-underline:single;}
span.MsoIntenseReference
 {mso-style-priority:32;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 font-variant:small-caps;
 color:#C0504D;
 letter-spacing:.25pt;
 font-weight:bold;
 text-decoration:underline;
 text-underline:single;}
span.MsoBookTitle
 {mso-style-priority:33;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 font-variant:small-caps;
 letter-spacing:.25pt;
 font-weight:bold;}
p.MsoTocHeading, li.MsoTocHeading, div.MsoTocHeading
 {mso-style-noshow:yes;
 mso-style-priority:39;
 mso-style-qformat:yes;
 mso-style-parent:"Heading 1";
 mso-style-next:Normal;
 margin-top:24.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 font-size:14.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#365F91;
 mso-bidi-language:EN-US;
 font-weight:bold;}
span.Heading1Char
 {mso-style-name:"Heading 1 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 1";
 mso-ansi-font-size:14.0pt;
 mso-bidi-font-size:14.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#365F91;
 font-weight:bold;}
span.Heading2Char
 {mso-style-name:"Heading 2 Char";
 mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 2";
 mso-ansi-font-size:13.0pt;
 mso-bidi-font-size:13.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;}
span.Heading3Char
 {mso-style-name:"Heading 3 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 3";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;}
span.Heading4Char
 {mso-style-name:"Heading 4 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 4";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
span.Heading5Char
 {mso-style-name:"Heading 5 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 5";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;}
span.Heading6Char
 {mso-style-name:"Heading 6 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 6";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;
 font-style:italic;}
span.Heading7Char
 {mso-style-name:"Heading 7 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 7";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 font-style:italic;}
span.Heading8Char
 {mso-style-name:"Heading 8 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 8";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;}
span.Heading9Char
 {mso-style-name:"Heading 9 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 9";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 font-style:italic;}
span.TitleChar
 {mso-style-name:"Title Char";
 mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Title;
 mso-ansi-font-size:26.0pt;
 mso-bidi-font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;}
span.SubtitleChar
 {mso-style-name:"Subtitle Char";
 mso-style-priority:11;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Subtitle;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 letter-spacing:.75pt;
 font-style:italic;}
span.QuoteChar
 {mso-style-name:"Quote Char";
 mso-style-priority:29;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Quote;
 color:black;
 font-style:italic;}
span.IntenseQuoteChar
 {mso-style-name:"Intense Quote Char";
 mso-style-priority:30;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Intense Quote";
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
p.NewDocument, li.NewDocument, div.NewDocument
 {mso-style-name:"New Document";
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:12.0pt;
 mso-bidi-font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
span.BalloonTextChar
 {mso-style-name:"Balloon Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Balloon Text";
 mso-ansi-font-size:8.0pt;
 mso-bidi-font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-ascii-font-family:Tahoma;
 mso-hansi-font-family:Tahoma;
 mso-bidi-font-family:Tahoma;
 mso-bidi-language:EN-US;}
span.HeaderChar
 {mso-style-name:"Header Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Header;
 mso-ansi-font-size:11.0pt;
 mso-bidi-font-size:11.0pt;
 mso-bidi-language:EN-US;}
span.FooterChar
 {mso-style-name:"Footer Char";
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Footer;
 mso-ansi-font-size:11.0pt;
 mso-bidi-font-size:11.0pt;
 mso-bidi-language:EN-US;}
span.FootnoteTextChar
 {mso-style-name:"Footnote Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Footnote Text";
 mso-bidi-language:EN-US;}
span.SpellE
 {mso-style-name:"";
 mso-spl-e:yes;}
span.GramE
 {mso-style-name:"";
 mso-gram-e:yes;}
.MsoChpDefault
 {mso-style-type:export-only;
 mso-default-props:yes;
 font-size:10.0pt;
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:Arial;
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:Arial;}
 /* Page Definitions */
 @page
 {mso-footnote-separator:url("07-10-0408.cr2%20opinion_files/header.htm") fs;
 mso-footnote-continuation-separator:url("07-10-0408.cr2%20opinion_files/header.htm") fcs;
 mso-endnote-separator:url("07-10-0408.cr2%20opinion_files/header.htm") es;
 mso-endnote-continuation-separator:url("07-10-0408.cr2%20opinion_files/header.htm") ecs;}
@page WordSection1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:.5in;
 mso-footer-margin:.5in;
 mso-title-page:yes;
 mso-footer:url("07-10-0408.cr2%20opinion_files/header.htm") f1;
 mso-paper-source:0;}
div.WordSection1
 {page:WordSection1;}
-->








NOS. 07-10-00408-CR, 07-10-00409-CR, 07-10-00410-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



JULY
29, 2011

 



 

DERRICK LACY, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 432ND DISTRICT COURT OF
TARRANT COUNTY;

 

NO. 1188762D, 1188764D, 1188765D; HONORABLE RUBEN GONZALEZ, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

            Appellant,
Derrick Lacy, entered pleas of guilty, and pleas of true to allegations of
prior convictions, without benefit of a plea bargain, to theft of property
under the value of $1,500,[1]
possession of a controlled substance, oxycodone, of
one gram or more but less than four grams,[2]
enhanced by allegation of one prior felony conviction,[3]
and possession of a controlled substance, morphine, of less than one gram.[4]  After receiving the pre-sentence
investigation (PSI), the trial court assessed appellants punishment at two
years in a State Jail Facility on the theft and possession of morphine charges.  At the same time, appellant was assessed a
term of confinement of six years in the Institutional Division of the Texas
Department of Criminal Justice on the possession of oxycodone
charge.  All terms of confinement were
ordered to run concurrently.  Appellant
has perfected his appeal contending that the trial court abused its discretion
by assessing a disproportionate punishment under the Eighth Amendment to the
United States Constitution.  We affirm.

Factual and Procedural Background

            Appellant
does not contest the sufficiency of the evidence to sustain his pleas of
guilty.  Neither does appellant contest
the procedural aspects of his plea of guilty without benefit of a plea bargain.  The record reflects that appellant entered
his pleas of guilty to each of the indicted offenses on June 9, 2010.  At the conclusion of the pleas, the trial
court ordered a PSI prepared. 
Subsequently, on the 27th of August, 2010, the trial court
conducted a punishment hearing.  The only
evidence received at that hearing was the PSI. 
After receiving the PSI, the trial court assessed appellants punishment
as set forth above.  A motion for new
trial was filed by appellant that contained only one allegation, [T]hat the verdict is contrary to the law and the evidence
which was presented in these cases. 
Appellant now contends that the punishment set forth violates his due
process rights under the United States Constitution.  See U.S.
Const. amend VIII.  We disagree and will affirm the trial courts
judgment.

Preservation of Error

            Before
we can begin any analysis, we must determine if appellants complaint has been
preserved for appellate review.  See
Tex. R. App. P. 33.1(a)(1).[5]  Appellant couches his argument in terms of a
due process violation.  However, the
Texas Court of Criminal Appeals has ruled that allegations of due process
violations are subject to the requirement of preservation by an objection or
motion filed with the trial court.  See
Anderson v. State, 301 S.W.3d 276, 279-80 (Tex.Crim.App. 2009). 
Our review of the record reveals that appellant lodged no objection to
the trial courts sentences at the time of the punishment hearing.  Further, the subsequently filed motion for
new trial contains no reference to appellants due process argument.  A fair reading of the motion for new trial
does not lead us to the conclusion that appellants current argument was
apparent from the context of the motion. 
Rule 33.1(a)(1).  Accordingly, appellants issue has not been
preserved for review and is therefore waived. 
Anderson, 301 S.W.3d 279-80.  Appellants sole issue is overruled.

 

 

 

Conclusion

            Having
overruled appellants only issue, the judgments of the trial court are
affirmed.

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

Do not publish.  

 

 











[1] See Tex. Penal Code Ann. § 31.03(b), (e)(4)(D)
(West 2011). (No. 07-10-0408-CR).





[2] See Tex. Health & Safety Code Ann. § 481.115(a), (c) (West
2010). (No. 07-10-0409-CR).





[3] See Tex. Penal Code Ann. § 12.42(a)(3)
(West 2011).





[4] See Tex. Health & Safety Code Ann. § 481.115(a), (b). (No. 07-10-0410-CR).





[5] Further reference to the Texas Rules
of Appellate Procedure will be by reference to Rule ___.